IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

H. D. SMITH WHOLESALE
DRUG CO., INC.

      Plaintiff,

v.                                          CASE NO.: 3:10-cv-00862

MEDICAL ASSOCIATES PHARMACY, INC.
d/b/a MEDICAL ASSOCIATES PHARMACY
OF BARBOURSVILLE, et al.,

      Defendant.

## ORDER GRANTING MOTION TO COMPEL

Pending before the Court is Plaintiff's Motion to Compel the Production of Documents in Response to Subpoena (ECF No. 68). In this motion, Plaintiff seeks an order compelling ContinuumCare, Pharmacy, LLC ("CCP"), a non-party, to produce documents in its possession relating to an asset purchase agreement transaction which occurred between CCP and judgment debtor, Medical Associates Pharmacy, Inc. ("MAP") in August 2009. CCP has filed a response objecting to the production on the basis that the documents requested are irrelevant to Plaintiff's collection efforts and impose an undue burden on CCP (ECF No. 71). Having considered the arguments and the relevant law, the Court **GRANTS** the Motion to Compel and **ORDERS** CCP to fully respond to the subpoena within fourteen (14) days of the date of this order.

Fed. R. Civ. P. 69(a)(2) allows a judgment creditor to obtain discovery in aid of execution from *any* person. Most courts agree that the judgment creditor "must be given

the freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor." *Caisson Corporation v. County West Building Corporation,* 62 F.R.D. 331, 334 (E.D. Pa 1974); *See also Peterson v. Farrakhan,* 2009 WL 1543600 (N.D. Ind. June 2, 2009); *GMA Accessories, Inc. v. Electric Wonderland, Inc.,* 2012 WL 1933558 (S.D.N.Y. May 22, 2012). Here, Plaintiff supplied inventory to MAP during November and December 2009 for which it was never paid. Around this same time, CCP was finalizing its transaction with MAP. Testimony from an officer of MAP suggested that CCP may have taken control of various assets of MAP, including bank accounts. Exactly what happened to the assets of MAP, including the inventory supplied by Plaintiff, is unclear. Moreover, CCP allegedly began "carrying on the same business activity in the same locations under the same dba names as MAP;" (ECF No. 71-1 at 2), thus, raising questions in Plaintiff's mind regarding the "the bona fides of the transfer of assets." *Ryan Inv. Corp. v. Pedregol de Cabo San Lucas,* 2009 WL 5114077 (N.D. Cal. Dec. 18, 2009). For these reasons, the documents requested by Plaintiff are relevant to its collection efforts and should be produced.

CCP's second argument in opposition to production is the "undue burden" associated with compliance. However, CCP fails to provide any specific information to support that claim, stating only that it should not have to produce documents that Plaintiff can obtain from the judgment debtor. The documents requested by Plaintiff are confined to matters surrounding the 2009 transaction between CCP and MAP. It is reasonable to assume that these documents are maintained together and are not exceptionally voluminous. Accordingly, the Court finds CCP's argument to be unpersuasive.

- 3 -

The Clerk is instructed to provide a copy of this Order to all counsel of record, including counsel for the non-party, ContinuumCare Pharmacy, LLC.

**ENTERED**: June 19, 2012.

Cheryl A. Eifert
United States Magistrate Judge